IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

GMS INDUSTRIAL SUPPLY, INC.,　　）
　　　Plaintiff,　　　　　　　　　　）
　　　　　　v.　　　　　　　　　　　）　　　Civil Action No. 2:19-cv-324 (RCY)
　　　　　　　　　　　　　　　　　　）
G&S SUPPLY, LLC, *et al.*,　　　　　）
　　　Defendants.　　　　　　　　　　）
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯）

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment (ECF No. 212). The Motion has been fully briefed, and the Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will deny Plaintiff's Motion for Partial Summary Judgment.

## I. BACKGROUND

GMS Industrial Supply, Inc. ("GMS" or "Plaintiff"), is a Virginia Limited Liability Company with its principal place of business in Virginia Beach, Virginia. (Third Am. Compl. ¶ 2, ECF No. 156.) GMS sells industrial products to military customers. (Pl.'s Mem. Supp. ¶ 2, ECF No. 213.) Westly L. Greer ("Greer" or "Defendant Greer") and Sabrina Greer ("Sabrina") are individual citizens of Colorado Springs, Colorado. (Third Am. Compl. ¶ 3.) Greer Group LLC ("Greer Group") is a Colorado limited liability company owned and operated by Sabrina with its principal address in Colorado Springs, Colorado. (*Id.* ¶ 4.) Gregory K. Spires ("Spires") and Thomas Hayes ("Hayes") are individuals who are citizens of Oklahoma. (*Id.* ¶¶ 5, 7.) County Roads, LLC ("County Roads") is an Oklahoma limited liability company owned and operated by Spires with its principal address in Faxon, Oklahoma. (*Id.* ¶ 6.) Mike Welton ("Mike") is an

1

individual who is a citizen of Texas (*Id.* ¶ 9.)  Wayne Side ("Side") is an individual who is a citizen of New York. (*Id.* ¶ 10.)  G&S Supply, LLC ("G&S") is a Colorado limited liability company with its principle address in Colorado Springs, Colorado. (*Id.* ¶ 11.)  G&S sells industrial products to military customers. (Pl.'s Mem. Supp. ¶ 3.)  HMC Supply, LLC ("HMC") was an Oklahoma limited liability company with its principal address in Faxon, Oklahoma. (Pl.'s Mem. Supp. ¶ 12.)  WarTech Industries, LLC ("WarTech") is a Louisiana limited liability company with its principal address in Leesville, Louisiana. (*Id.* ¶ 13.)[1]

On April 4, 2011, Plaintiff hired Greer as a sales agent. (Pl.'s Mem. Supp. ¶ 9.)  In November of 2012, Greer signed an employment agreement with Plaintiff and was promoted to District Manager to oversee Plaintiff's sales agents. (*Id.* ¶¶ 10-11; ECF No. 213-1.)  On January 22, 2013, Spires signed a sales agent agreement and became a sales manager for Plaintiff. (Pl.'s Mem. Supp. ¶ 17; ECF No. 213-2 at 1-3.)  On or around May 13, 2013, Sabrina also signed a sales agent agreement and became a sales agent for Plaintiff. (Pl.'s Mem. Supp. ¶ 19; ECF No. 213-3 at 10-15.)  In July of 2015, Plaintiff promoted Greer to Director of Sales, as Director of sales, Greer oversaw a team of contractors. (Pl.'s Mem. Supp. ¶ 24.)  On October 22, 2015, Greer, Spires, and others started HMC. (*Id.* ¶ 25.)  On November 5, 2015, Side signed a sales agent agreement and became a sales agent for Plaintiff. (*Id.* ¶¶ 34, 35; ECF No. 213-4.)  On or around July 27, 2016, Hayes signed a sales agreement and became a sales agent for Plaintiff. (Pl.'s Mem. Supp. ¶ 38; ECF No. 213-5.)  On January 6, 2017, Spires and his company, County Roads, signed a sales agent agreement with Plaintiff. (Pl.'s Mem. Supp. ¶ 41; ECF No. 213-6.)  On June 22, 2017, Greer and Spires founded G&S, becoming co-owners of the company. (*Id.* ¶ 43.) In January of 2019, Greer

---

[1] The Court will refer to G&S, WarTech, HMC, Greer, Sabrina, Greer Group, Spires, County Roads, Hayes, and Welton collectively as "Defendants."  The Court also employs the pagination assigned by the CM/ECF docketing system to the parties' submissions.

quit his employment position as Director of Sales for Plaintiff and signed a sales agent agreement to become a sales agent for Plaintiff. (Pl.'s Mem. Supp. ¶¶ 97, 98; ECF No. 213-8.)  On April 3, 2019, Plaintiff terminated its sales agent contracts with Defendants Sabrina, Greer, Hayes, Side, Spires, and Welton ("sales agent defendants"). (ECF No. 196-11.)

## II. PROCEDURAL HISTORY

Plaintiff filed a Complaint on June 20, 2019 (ECF No. 1) against G&S Supply, LLC, Westly L. Greer, Sabrina Greer, Greer Group, LLC, Gregory K. Spires, County Roads, LLC, Thomas Hayes, Gregory S. Spires, Mike Welton, and Wayne Side for injunctive relief and damages.  On June 21, 2019, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2).  On August 6, 2019, Defendants filed Motions to Dismiss (ECF Nos. 58, 60). On August 30, 2019, the Court granted in part Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, granting a preliminary injunction to the extent specifically set forth on pages 13 through 16. (ECF No. 70).  On November 14, 2019, the Magistrate Judge issued a Report and Recommendation recommending dismissal of the claims against Wayne Side for lack of personal jurisdiction (ECF No. 90).  The Plaintiff objected to this Report and Recommendation, but on January 16, 2020, the Court "adopt[ed] and approve[d] in full" this Report and Recommendation. (ECF No. 98.)  On December 18, 2019, United States Magistrate Judge Robert J. Krask issued a Report and Recommendation granting in part and denying in part Defendants' Motion to Dismiss (ECF No. 60) various counts of the Complaint (ECF No. 93).  Both the Plaintiff and Defendants objected to this Report and Recommendation; thus, on February 28, 2020, the Court reviewed the Report and Recommendation *de novo* and granted in part and denied in part Defendant's Motion to Dismiss (ECF No. 102).  On March 23, 2020, Plaintiff filed a First Amended Complaint (ECF No. 108).  On November 13, 2020, the

Court granted Plaintiff's unopposed Motion for Leave to Amend the First Amended Complaint (ECF No. 149). On November 16, 2020, Plaintiff filed a Second Amended Complaint (ECF No. 151). After the Court granted Plaintiff's Motion for Joinder (ECF No. 130) by Order entered on November 24, 2020 (ECF No. 153), Plaintiff filed a Third Amended Complaint on December 1, 2020 (ECF No. 156). This is the operative Complaint. There are also five Counterclaims pending. (ECF Nos. 113-117.) On July 7, 2021, the Court granted Plaintiff's Stipulation of Dismissal, dismissing the claims against Gregory S. Spires without prejudice (ECF No. 188).

On July 8, 2021, Defendants filed a Motion for Sanctions Pursuant to Rule 11 (ECF No. 193). On July 13, 2021, Plaintiff filed a Motion for Sanctions against Defendants Westly Greer and G&S Supply, LLC (ECF No. 195). On August 4, 2021, Plaintiff filed a Motion for Partial Summary Judgment and a Memorandum in Support (ECF Nos. 212, 213). On August 18, 2021, Defendants filed a Response to Plaintiff's Motion for Partial Summary Judgment (ECF No. 223). On August 24, 2021, Plaintiff filed its Reply (ECF No. 225).

### III. STANDARD OF REVIEW

Summary judgement is appropriately granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment "bears the initial burden of demonstrating the absence of any genuine issue of material fact." *DiSciullo v. Griggs & Co. Homes*, 2015 WL 6393813, at *4 (E.D.N.C. Oct. 22, 2015). The burden then "shifts to the nonmoving party to show that there are genuine issues of material fact." *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). "Furthermore, a 'material fact' is a fact that might affect the outcome of a party's case."

*Marlow v. Chesterfield Cty. Sch. Bd.*, 749 F. Supp. 2d 417, 426–27 (E.D. Va. 2010) (citing *Anderson*, 477 U.S. at 247-48). "Whether a fact is considered to be 'material' is determined by the substantive law, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Id.* at 428. "In ruling on a motion for summary judgment, the court does not resolve the dispute itself; instead, it finds only that there is sufficient evidence of the dispute requiring that 'the parties' differing versions of the truth' be resolved at trial." *Diprete v. 950 Fairview St., LLC*, No. 1:15CV00034, 2016 WL 6137000, at *2 (W.D. Va. Oct. 21, 2016) (citing *Anderson*, 477 U.S. at 248-49).

## IV. ANALYSIS

Plaintiff moves for partial summary judgment on four claims against Defendants: Count I, breach of the duty of loyalty against defendant Westly Greer; Count VI, fraud in the inducement of performance against all Defendants except HMC and G&S Supply; Count X, business conspiracy in violation of Va. Code § 18.2-499 against the sales agent defendants and HMC; and Count XI, common law conspiracy against the sales agent defendants and HMC. The Court examines each claim in turn.

### Count I.: Breach of Duty of Loyalty against Greer

"Virginia applies the *lex loci delicti*, the law of the place of the wrong, to tort actions." *Variable Annuity Life Ins. Co. v. Coreth*, 535 F. Supp. 3d 488, 512 (E.D. Va. 2021) (citing *Milton v. IIT Research Inst.*, 138 F.3d 519, 521 (4th Cir. 1998)). "[T]he place of the wrong is the place the last event necessary to make an [actor] liable for an alleged tort takes place." *Id.* (citing *Ford Motor Co. v. Nat'l Indem*. Co., 972 F. Supp. 2d 850, 856 (E.D. Va. 2013)). In other words, "tort claims are governed by the law of the place where the wrongful act occurred, despite the fact that the effects of the act may be felt elsewhere." *X-IT Prod., L.L.C. v. Walter Kidde Portable Equip.*,

Inc., 155 F. Supp. 2d 577, 640 (E.D. Va. 2001). Here, Plaintiff's breach of duty of loyalty claim is a tort claim. Further, Greer was located in Colorado during the alleged wrongful acts. (Pl.'s Mot. Partial Summ. J. at 16; Defs.' Resp. at 12.) As such, the Court will apply Colorado law to analyze this claim.

Under Colorado law, in order "to recover on a claim for breach of fiduciary duty, a plaintiff must prove: 1) that the defendant was acting as a fiduciary of the plaintiff; 2) that he breached a fiduciary duty to the plaintiff; 3) that the plaintiff incurred damages; and 4) that the defendant's breach of fiduciary duty was a cause of the plaintiff's damages." *Atlas Biologicals, Inc. v. Kutrubes*, No. 15-CV-00355-CMA-KMT, 2019 WL 4594274, at *20 (D. Colo. Sept. 23, 2019). "With regard to the second element, the duties of care owed by a fiduciary, which are independent of any contractual duties, 'include a duty to act with the utmost loyalty on behalf of, and for the benefit of, the other party.'" *Id.* (quoting *Accident & Injury Med. Specialists, P.C. v. Mintz*, 279 P.3d 658, 663 (Colo. 2012)).

Plaintiff alleges that Greer owed Plaintiff a duty of loyalty as Plaintiff's employee from 2012 until January of 2019 when he changed his status to independent sales agent. (Pl.'s Mem. Supp. at 16.) Plaintiff argues that Greer breached his duty of loyalty by starting two companies, HMC and G&S, that directly competed with Plaintiff during the course of his employment. (*Id.* at 17.) Plaintiff alleges that during his employment, Greer sold and aided others in selling G&S products to GMS customers and concealed the competition from Plaintiff. (*Id.*) Defendants assert that Greer has maintained that neither HMC nor G&S competed with GMS. (Defs.' Resp. at 13.) According to Defendants, HMC was established to market to an entirely different clientele and made only two sales on products Plaintiff would not sell individually. (*Id.* at 13.) Defendants argue that the same can be said for G&S which made customized sales for specific items that Plaintiff

was not interested in selling. (*Id.*)  Defendants argue that Plaintiff offers no evidence that HMC and G&S sold goods that were competitive to those sold by Plaintiff. (*Id.* at 14.)  Defendants aver that the products themselves are common and hardly unique, but G&S focused on markedly different types of sales than Plaintiff. (*Id.*)  Defendants also argue that Plaintiff failed to assert any facts to support Greer's alleged intentional concealment of G&S. (*Id.*)  As such, Defendants argue that the record is replete with disputed facts about whether or not HMC and G&S competed with Plaintiff which must be reconciled before a conclusion may be reached about whether Greer violated his duty of loyalty to GMS. (*Id.* at 15.)

Neither party disputes that Greer was Plaintiff's employee at the time that he founded HMC and G&S. (Pl.'s Mem. Supp. ¶¶ 10, 11, 98; *see generally* Defs.' Resp.)  Because Greer was Plaintiff's employee, Greer was a fiduciary of Plaintiff from 2012 until January of 2019, and he owed Plaintiff a fiduciary duty of loyalty during his employment. *Atlas Biologicals, Inc.*, 2019 WL 4594274 at *21 (finding that because defendant was an employee, he was a fiduciary of employer and owed it a fiduciary duty—specifically, the duty of loyalty).  "One facet of an employee's duty of loyalty to his employer is the employee's 'duty not to compete with the [employer] concerning the subject matter of his [employment].'" *Id.*  "Fairness dictates that an employee not be permitted to exploit the trust of his employer so as to obtain an unfair advantage in competing with the employer in a matter concerning the latter's business." *Jet Courier Serv., Inc. v. Mulei*, 771 P.2d 486, 492 (Colo. 1989) (quoting *Maryland Metals, Inc. v. Metzner*, 382 A.2d 564, 568 (Md. 1978) (duty of employee to act solely for the benefit of employer in all matters within the scope of employment)).

"However, whether an employee's actions constitute a breach of his duty of loyalty involves a question of fact to be determined by the trial court in the first instance based on a

consideration of all the circumstances of the case." *Jet Courier Serv., Inc*, 771 P.2d at 494. Defendants—albeit barely—cite sufficient evidence to demonstrate such a factual dispute. It is undisputed that Greer worked for Plaintiff as an employee from November of 2012 until January of 2019. (Pl.'s Mem. Supp. ¶¶ 10-11, 97; Defs.' Resp at 3, 9 (not disputing paragraphs 10-11 and 97 of Plaintiff's undisputed fact section).) It is also undisputed that Greer and others started HMC on October 22, 2015, and started G&S on June 22, 2017, to sell industrial products to military bases using the same DIBBS Board bidding process as Plaintiff. (Pl.'s Mem. Supp. ¶¶ 25, 43; Defs.' Resp. at 4-6.) Accordingly, it is undisputed that Greer began these other ventures, HMC and G&S, while he was Plaintiff's employee and owed Plaintiff a fiduciary duty of loyalty. Beyond that, the parties dispute what the evidence shows. Plaintiff asserts that Greer violated his duty of loyalty because HMC and G&S directly competed with Plaintiff by selling industrial products through the DIBBS board. (Pl.'s Mem. Supp. at 16.) Plaintiff argues that Greer also created and distributed the G&S catalog with goods comparable to those sold by Plaintiff and sold G&S products to Plaintiff's customers while in its employ. (*Id.* at 17.) Additionally, Plaintiff alleges that Greer worked with other disloyal GMS sales agents to hide the existence of G&S from Plaintiff. (*Id.*) According to Plaintiff, this alleged cover-up was another breach of Greer's duty of loyalty under Colorado law that requires an employee to be candid with his employer and not to withhold information that would be useful to the employer in protection and promotion of its interests. (*Id.* (citing Restatement (Second) of Agency § 381).)

Conversely, Defendants allege that HMC and G&S did not compete with Plaintiff because HMC was established to market to an entirely different clientele and only made two sales on products that GMS would not sell individually. (Defs.' Resp. at 13.) Further, Defendants assert that G&S did not compete with Plaintiff because it focused on markedly different types of sales

than Plaintiff. (*Id.* at 14.)  Defendants also allege that Plaintiff asserts no facts to support its claim

of intentional concealment of G&S' existence. (*Id.* at 15.)  Defendants argue that "[t]he line that

separates active competition from mere preparation 'may be difficult to discern.'" (Defs.' Resp. at

13 (quoting *Jet Courier Serv.*, 771 P.2d at 493).)  While Greer's actions appear to be a far cry from

"mere preparation," whether his actions constituted active competition and thereby breached his

duty of loyalty is a fact-intensive inquiry to be left for the finder of fact. *MSC Safety Sols., LLC v.*

*Trivent Safety Consulting, LLC*, No. 19-CV-00938-MEH, 2020 WL 7425874, at *15 (D. Colo.

Dec. 18, 2020) ("Whether an employee crossed that line into active competition and thereby

breached the duty of loyalty 'is generally a fact-intensive inquiry.'").  Finally, in regard to

damages, "[t]he general rule is that an employee is not entitled to any compensation for services

performed during the period he engaged in activities constituting a breach of his duty of loyalty

even though part of these services may have been properly performed." *Id.* (citing *Jet Courier*, 771

P.2d at 499).  Thus, if Greer is found to have breached his duty of loyalty, Plaintiff may recover

the compensation paid to Greer during the time that he engaged in disloyal acts. *Id.*

### Count VI: Fraud in the inducement of performance against all defendants except HMC and G&S Supply

There are several issues with Plaintiff's arguments regarding its fraud in the inducement of

performance claim.  First, Plaintiff failed to address whether such a claim is governed by Colorado

law as it pertains to Greer.  If Colorado law is applicable, Plaintiff fails to assert whether Colorado

law permits a cause of action based on fraud in the inducement of performance.  Second, as to the

other the Defendants,[2] Virginia law provides that a single act or occurrence may "support causes

of action for both breach of contract and for breach of a duty arising in tort." *Augusta Mut. Ins.*

---

[2] The individual Defendants, with the exception of Greer, signed contracts with Plaintiff that contained a Virginia choice of law provision. (Defs.' Reply at n.11.; ECF No. 213-1; ECF No. 213-2; ECF No. 213-3; ECF No. 213-4; ECF No. 213-5; ECF No. 213-6; ECF No. 213-8.)

*Co. v. Mason*, 645 S.E.2d 290, 293 (Va. 2007).   However, "to avoid turning every breach of contract into a tort," the Supreme Court of Virginia has held that "in order to recover in tort, 'the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract.'" *Id.*   Further, "determining 'whether a cause of action sounds in contract or tort' requires that we ascertain 'the source of the duty violated.'" *Mod. Oil Corp. v. Cannady*, No. 141839, 2015 WL 10990113, at *5 (Va. Dec. 30, 2015).   Here, the dispute between Plaintiff and Defendants involves duties and alleged liability arising solely out of the contractual relationship between them.

Plaintiff argues that Defendants' "duty arises by operation of common law and outside of any agency contract" citing *Augusta Mut. Ins. Co. v. Mason* in support of its assertion. (Pl.'s Reply at 5-6 (citing *Augusta Mut. Ins. Co.*, 645 S.E.2d at 294 (concerning an insurance agent's negligent performance of a specific contractual duty to perform a home inspection).)   However, *Augusta Mut. Ins. Co.* clearly contradicts Plaintiff's argument, explaining that the duties allegedly violated by the agent were "nothing more than the fiduciary duties an agent owes to his or her principal." *Augusta Mut. Ins. Co.*, 645 S.E.2d at 294-95.   The fiduciary duties owed in such situations are incorporated into every contract between a fiduciary and his principal. *Id.* at 295 ("[I]ncorporated in every contract between a fiduciary and his principal is an obligation, imposed by law upon the fiduciary, to disclose anything known to him which might affect the principal's decision whether or how to act.") (quoting *Owen v. Shelton*, 277 S.E.2d 189, 191 (1981)).   This means that but for the existence of the sales agent agreements between Plaintiff and the individual Defendants, the individual Defendants would not owe Plaintiff any fiduciary duties. *Id.*   ("But for the existence of the Agency Agreement, neither Jones nor Lee–Curtis would have owed any fiduciary duty to

Augusta Mutual. That certain of those fiduciary duties arose by implication does not alter the result.").  As explained in *Augusta Mut. Ins. Co.*,

> If the cause of complaint be for an act of omission or non-feasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exits [sic]) then the action is founded upon contract, and not upon tort.

*Id.* at 295 (quoting *Oleyar v. Kerr*, 225 S.E.2d 398, 399 (1976)).  The fiduciary duties that the individual Defendants owe Plaintiff exist solely by virtue of the sales agent contracts, and Plaintiff has not presented any evidence to the contrary. (*See* Pl.'s Mem. Supp. ¶¶ 10-11, 17, 19, 34-35, 38, 41, 97, 98; ECF Nos. 213-1, 213-2, 213-3, 213-4, 213-5, 213-6, 213-8 (Defendants' sales agent agreements).)  As such, "[t]he application of fraud principles to this dispute change[s] the nature and character of these legal duties in a manner inconsistent with settled principles of Virginia law." *Mod. Oil Corp.*, 2015 WL 10990113 at *5.  Accordingly, in line with the Supreme Court of Virginia's "commitment to 'safeguard against turning every breach of contract into an actionable claim for fraud,'" the Court finds that Plaintiff's fraud claim is impermissible under Virginia law.[3] *Augusta Mut. Ins. Co.*, 274 Va. At 208; *Foreign Mission Bd. v. Wade*, 409 S.E.2d 144 (Va. 1991) (dismissing the negligence count because the plaintiffs sought to "establish a tort action based solely on the negligent breach of a contractual duty with no corresponding common law duty."); *Filak v. George*, 594 S.E.2d 610 (Va. 2004) ("[W]e hold that the plaintiffs did not assert a valid claim of constructive fraud against George because whatever duties George may have assumed arose solely from the parties' alleged oral contract.").  Although Defendants have not filed cross

---

[3] Plaintiff's fraud claim would also be impermissible under Colorado law for the same reason. *Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 292 (Colo. App. 2009) (June 11, 2009) (holding that claims of fraud relating to the performance of a contract are barred by the economic loss rule)

motions for summary judgment, the Court, sua sponte, will grant summary judgment in favor of the Defendants with respect to Plaintiff's fraud claim.[4]

As to Plaintiff's conspiracy claims, Plaintiff concedes that if the Court does not grant summary judgment on its breach of loyalty or fraud claims, then Plaintiff is not entitled to summary judgment on its conspiracy claims. (Pl.'s Reply at 9-10.) Thus, the Court denies Plaintiff's Motion for Partial Summary Judgment as to Plaintiff's conspiracy claims.

## V. CONCLUSION

For the forgoing reasons, the Court will deny Plaintiff's Motion for Partial Summary Judgment.

An appropriate Order shall issue.

_____
/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date:  March 22, 2022

---

[4] "While Fed.R.Civ.P. 56 does not expressly provide that district courts may enter summary judgments sua sponte, there can be little doubt that district courts inherently possess that power." *Builders Mut. Ins. Co.*, 785 F. Supp. 2d at 552 (quoting *United States Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n*, 873 F.2d 731, 735 (4th Cir.1989)) (citation omitted). "However, before granting such relief, the Court must 'provide the losing party with an adequate opportunity to demonstrate a genuine issue of material fact.'" Here, Plaintiff was given a full opportunity, in its briefings, to present legal and factual arguments with respect to its motion for summary judgment. The Court considered those arguments and determined that as a matter of law, Plaintiff's fraud claim is impermissible under both Virginia and Colorado law.