FILED
IN OPEN COURT

JUN 1 0 2022

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

GMS INDUSTRIAL SUPPLY, INC., )
                                   )
     Plaintiff, )
v. )             Civil Action No. 2:19-cv-324-RCY
                                    )
G&S SUPPLY, LLC, *et al.*, )
                                    )
     Defendants. )

## **SPECIAL VERDICT FORM**

**MEMBERS OF THE JURY:**

Please answer the questions on this form in the order listed – that is, please start with Question 1, and answer each question in order before moving on to the next question. Please follow the instructions after each question to determine which question to answer next.

We, the jury, unanimously answer the questions to us as follows:

## **BREACH OF DUTY OF LOYALTY CLAIM**

Question No. 1

      Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Westly Greer** breached the fiduciary duty of loyalty he owed to GMS Industrial Supply, Inc.?

Yes           No _____


      If you answered "Yes" to Question No. 1, then please proceed to Question No. 2.  If you answered "No" to Question No. 1, then please proceed to Question No. 3.


Question No. 2

      What is the amount of GMS Industrial Supply, Inc.'s damages from Westly Greer's breach of his fiduciary duty of loyalty?

$    59,000.00

## BREACH OF SALES AGENT AGREEMENTS CLAIMS

Question No. 3

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Westly Greer** breached his 2019 Independent Agent Agreement with GMS Industrial Supply, Inc.?

Yes _____                          No _____ ✓

If you answered "Yes" to Question No. 3, then please proceed to Question No. 4.  If you answered "No" to Question No. 3, then please proceed to Question No. 5.

Question No. 4

What is the amount of GMS Industrial Supply, Inc.'s damages from Westly Greer's breach of his 2019 Independent Agent Agreement with GMS Industrial Supply, Inc.?

$_____ N|A _____

Question No. 5

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Greg Spires** breached his 2013 Sales Agent Agreement with GMS Industrial Supply, Inc.?

Yes _____                          No _____ ✓

Question No. 6

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Greg Spires** breached his 2017 Independent Agent Agreement with GMS Industrial Supply, Inc.?

Yes _____                          No _____ ✓

If you previously answered "Yes" to Question No. 5, then please proceed to Question No. 7. If you answered "No" to Question No. 5 and "Yes" to Question No. 6, then please proceed to Question No. 8. If you answered "No" to Question Nos. 5 and 6, then please proceed to Question No. 9.

Question No. 7

What is the amount of GMS Industrial Supply, Inc.'s damages from Greg Spires's breach of his 2013 Sales Agent Agreement with GMS Industrial Supply, Inc.?

$  N/A

If you previously answered "Yes" to Question No. 6, then please proceed to Question No. 8. If you previously answered "No" to Question No. 6, then please proceed to Question No. 9.

Question No. 8

What is the amount of GMS Industrial Supply, Inc.'s damages from Greg Spires's breach of his 2017 Independent Agent Agreement with GMS Industrial Supply, Inc.?

$  N/A

Question No. 9

Did GMS Industrial Supply, Inc., prove by a preponderance of the evidence that **County Roads, LLC** breached its 2017 Independent Agent Agreement with GMS Industrial Supply, Inc.?

Yes _____          No ___✓___

If you answered "Yes" to Question No. 9, then please proceed to Question No. 10. If you answered "No" to Question No. 9, then please proceed to Question No. 11.

Question No. 10

What is the amount of GMS Industrial Supply, Inc.'s damages from County Roads,

LLC's breach of its 2017 Independent Agent Agreement with GMS Industrial Supply, Inc.?

$_____ N|A _____

Question No. 11

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Sabrina**

**Greer** breached her 2017 Independent Agent Agreement with GMS Industrial Supply, Inc.?

Yes _____          No __✓___

If you answered "Yes" to Question No. 11, then please proceed to Question No. 12. If you

answered "No" to Question No. 11, then please proceed to Question No. 13.

Question No. 12

What is the amount of GMS Industrial Supply, Inc.'s damages from Sabrina Greer's

breach of her 2017 Independent Agent Agreement with GMS Industrial Supply, Inc.?

$_____ N|A _____

Question No. 13

Did GMS Industrial Supply, Inc., prove by a preponderance of the evidence that **Greer**

**Group, LLC** breached its 2017 Independent Agent Agreement with GMS Industrial Supply, Inc.?

Yes _____          No __✓___

If you answered "Yes" to Question No. 13, then please proceed to Question No. 14. If you answered "No" to Question No. 13, then please proceed to Question No. 15.

Question No. 14

What is the amount of GMS Industrial Supply, Inc.'s damages from Greer Group LLC's breach of its 2017 Independent Agent Agreement with GMS Industrial Supply, Inc.?

$ _____ N|A _____ 

Question No. 15

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Mike Welton** breached his 2016 Independent Agent Agreement with GMS Industrial Supply, Inc.?

Yes _____          No ___✓___

Question No. 16

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Mike Welton** breached his 2019 Statutory Employment Agreement with GMS Industrial Supply, Inc.?

Yes _____          No ___✓___

If you answered "Yes" to Question No. 15, then please proceed to Question No. 17. If you answered "No" to Question No. 15 and "Yes" to Question No. 16, then please proceed to Question No. 18. If you answered "No" to Question Nos. 15 and 16, then please proceed to Question No. 19.

Question No. 17

What is the amount of GMS Industrial Supply, Inc.'s damages from Mike Welton's breach of his 2016 Independent Agent Agreement with GMS Industrial Supply, Inc.?

$ N|A

If you previously answered "Yes" to Question No. 16, then please proceed to Question No. 18. If you previously answered "No" to Question No. 16, then please proceed to Question No. 19.

Question No. 18

What is the amount of GMS Industrial Supply, Inc.'s damages from Mike Welton's breach of his 2019 Statutory Employment Agreement with GMS Industrial Supply, Inc.?

$ N/A

Question No. 19

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Thomas Hayes** breached his 2016 Independent Agent Agreement with GMS Industrial Supply, Inc.?

Yes _____          No __✓__

If you answered "Yes" to Question No. 19, then please proceed to Question No. 20. If you answered "No" to Question No. 19, then please proceed to Question No. 21.

Question No. 20

What is the amount of GMS Industrial Supply, Inc.'s damages from Thomas Hayes' breach of his 2016 Independent Agent Agreement with GMS Industrial Supply, Inc.?

$ _____ N/A _____

## DEFEND TRADE SECRETS ACT CLAIMS

Question No. 21

Did GMS Industrial Supply, Inc., prove by a preponderance of the evidence that it owned and possessed trade secret information, as defined in the Defend Trade Secrets Act?

Yes ____✓____                    No _____

If you answered "Yes" to Question No. 21, then please proceed to Question No. 22.  If you answered "No" to Question No. 21, then please proceed to Question No. 33.

Question No. 22

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **G&S Supply, LLC** misappropriated GMS Industrial Supply, Inc.'s trade secret information?

Yes _____                    No ____✓____

Question No. 23

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Westly Greer** misappropriated GMS Industrial Supply, Inc.'s trade secret information?

Yes _____                    No ____✓____

Question No. 24

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Sabrina Greer** misappropriated GMS Industrial Supply, Inc.'s trade secret information?

Yes _____          No _____✓_____


Question No. 25

Did GMS Industrial Supply, Inc., prove by a preponderance of the evidence that **Greer Group, LLC** misappropriated GMS Industrial Supply, Inc.'s trade secret information?

Yes _____          No _____✓_____


Question No. 26

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Greg Spires** misappropriated GMS Industrial Supply, Inc.'s trade secret information?

Yes _____          No _____✓_____


Question No. 27

Did GMS Industrial Supply, Inc., prove by a preponderance of the evidence that **County Roads, LLC** misappropriated GMS Industrial Supply, Inc.'s trade secret information?

Yes _____          No _____✓_____

Question No. 28

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Thomas Hayes** misappropriated GMS Industrial Supply, Inc.'s trade secret information?

Yes _____                No _____ ✓

Question No. 29

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Mike Welton** misappropriated GMS Industrial Supply, Inc.'s trade secret information?

Yes _____                No _____ ✓

If you answered "Yes" to any of Question Nos. 22 through 29, then please proceed to Question No. 30. If you answered "No" to all of Question Nos. 22 through 29, then please proceed to Question No. 33.

Question No. 30

For each Defendant that you find misappropriated GMS Industrial Supply, Inc.'s trade secret information, what is the amount of GMS Industrial Supply, Inc.'s damages from the misappropriation of each Defendant?



1. G&S Supply, LLC          $_____

2. Westly Greer             $_____

3. Sabrina Greer            $_____

4. Greer Group, LLC         $_____

5. Greg Spires              $_____

6. County Roads, LLC        $_____

7. Thomas Hayes             $_____

8. Mike Welton              $_____

Question No. 31

For each Defendant that you find misappropriated GMS Industrial Supply, Inc.'s trade secret information, do you find that the Defendant's misappropriation was willful and malicious?



G&S Supply, LLC
        Yes _____                        No _____          N/A

Westly Greer
        Yes _____                        No _____

Sabrina Greer
        Yes _____                        No _____

Greer Group, LLC
        Yes _____                        No _____

Greg Spires
        Yes _____                        No _____

County Roads, LLC
        Yes _____                        No _____

Thomas Hayes
        Yes _____                        No _____

Mike Welton
        Yes _____                        No _____

If you answered "Yes" to Question No. 31 for any of the Defendants, then please proceed to Question No. 32.  If you answered "No" to Question No. 31 for all of the Defendants, then please proceed to Question No. 33.


Question No. 32

For each Defendant that you find willfully and maliciously misappropriated GMS Industrial Supply, Inc.'s trade secret information, what amount of exemplary damages, if any, do you award GMS Industrial Supply, Inc.?



1. G&S Supply, LLC      $_____

2. Westly Greer      $_____

3. Sabrina Greer      $_____

4. Greer Group, LLC      $_____

5. Greg Spires      $_____

6. County Roads, LLC      $_____

7. Thomas Hayes      $_____

8. Mike Welton      $_____

## VIRGINIA UNIFORM TRADE SECRETS ACT CLAIMS

Question No. 33

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that it owned and possessed trade secret information, as defined in the Virginia Uniform Trade Secrets Act?

Yes  ___✓___                  No  _____

If you answered "Yes" to Question No. 33, then please proceed to Question No. 34. If you answered "No" to Question No. 33, then please proceed to Question No. 45.

Question No. 34

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **G&S Supply, LLC** misappropriated GMS Industrial Supply, Inc.'s trade secret information?

Yes  _____                  No  ___✓___

Question No. 35

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Westly Greer** misappropriated GMS Industrial Supply, Inc.'s trade secret information?

Yes  ___✓___                  No  _____

Question No. 36

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Sabrina Greer** misappropriated GMS Industrial Supply, Inc.'s trade secret information?

Yes  _____                  No  ___✓___

Question No. 37

Did GMS Industrial Supply, Inc., prove by a preponderance of the evidence that **Greer Group, LLC** misappropriated GMS Industrial Supply, Inc.'s trade secret information?

Yes _____          No ___✓___


Question No. 38

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Greg Spires** misappropriated GMS Industrial Supply, Inc.'s trade secret information?

Yes _____          No ___✓___


Question No. 39

Did GMS Industrial Supply, Inc., prove by a preponderance of the evidence that **County Roads, LLC** misappropriated GMS Industrial Supply, Inc.'s trade secret information?

Yes _____          No ___✓___


Question No. 40

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Thomas Hayes** misappropriated GMS Industrial Supply, Inc.'s trade secret information?

Yes _____          No ___✓___

Question No. 41

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Mike Welton** misappropriated GMS Industrial Supply, Inc.'s trade secret information?

Yes _____          No __✓____

If you answered "Yes" to any of Question Nos. 34 through 41, then please proceed to Question No. 42. If you answered "No" to all of Question Nos. 34 through 41, then please proceed to Question No. 45.

Question No. 42

For each Defendant that you find misappropriated GMS Industrial Supply, Inc.'s trade secret information, what is the amount of GMS Industrial Supply, Inc.'s damages from the misappropriation of each Defendant?

1.  G&S Supply, LLC          $_____

2.  Westly Greer             $_____∅_____

3.  Sabrina Greer            $_____

4.  Greer Group, LLC         $_____

5.  Greg Spires              $_____

6.  County Roads, LLC        $_____

7.  Thomas Hayes             $_____

8.  Mike Welton              $_____

Question No. 43

For each Defendant that you find misappropriated GMS Industrial Supply, Inc.'s trade secret information, do you find that the Defendant's misappropriation was willful and malicious?

G&S Supply, LLC
     Yes _____          No _____

Westly Greer
     Yes _____          No ___✓___

Sabrina Greer
     Yes _____          No _____

Greer Group, LLC
     Yes _____          No _____

Greg Spires
     Yes _____          No _____

County Roads, LLC
     Yes _____          No _____

Thomas Hayes
     Yes _____          No _____

Mike Welton
     Yes _____          No _____

If you answered "Yes" to Question No. 43 for any of the Defendants, then please proceed to Question No. 44.  If you answered "No" to Question No. 43 for all of the Defendants, then please proceed to Question No. 45.

Question No. 44

For each Defendant that you find willfully and maliciously misappropriated GMS Industrial Supply, Inc.'s trade secret information, what amount of punitive damages, if any, do you award GMS Industrial Supply, Inc.?



1.  G&S Supply, LLC                    $_____

2.  Westly Greer                       $_____

3.  Sabrina Greer                      $_____

4.  Greer Group, LLC                   $_____

5.  Greg Spires                        $_____

6.  County Roads, LLC                  $_____

7.  Thomas Hayes                       $_____

8.  Mike Welton                        $_____

## VIRGINIA COMPUTER CRIMES ACT CLAIMS

Question No. 45

Did GMS Industrial Supply, Inc., prove by a preponderance of the evidence that **Westly Greer** with a malicious intent OR through intentionally deceptive means and without authority did one or more of the following:

A) Temporarily or permanently removed, halted, or otherwise disabled any of GMS Industrial Supply, Inc.'s computer data, computer programs, or computer software?

Yes ___✓___          No _____

B) Altered, disabled, or erased any of GMS Industrial Supply, Inc.'s computer data, computer programs, or computer software?

Yes ___✓___          No _____

C) Used a computer or computer network to cause physical injury to GMS Industrial Supply, Inc.'s property?

Yes _____          No ___✓___

D) Used a computer or computer network to make or cause to be made an unauthorized copy, in any form (including but not limited to, any printed or electronic form), of computer data, computer programs, or computer software residing in, communicated by, or produced by a computer or computer network?

Yes ___✓___          No _____

If you answered "Yes" to any of Question Nos. 45 A through D, then please proceed to Question No. 46. If you answered "No" to all of Question Nos. 45 A through D, then please proceed to Question No. 47.

<u>Question No. 46</u>

What is the amount of GMS Industrial Supply, Inc.'s damages from the violation of the

Virginia Computer Crimes Act by Defendant Westly Greer?

1. Westly Greer                                              $ ___50,000.00___

## VIRGINIA STATUTORY BUSINESS CONSPIRACY CLAIMS

Question No. 47

Did GMS Industrial Supply, Inc., prove by clear and convincing evidence that **Westly Greer** conspired with one or more other persons to willfully and maliciously injure GMS Industrial Supply, Inc. in its reputation, trade, business, or profession?

Yes _____          No ____✓____

Question No. 48

Did GMS Industrial Supply, Inc., prove by clear and convincing evidence that **Sabrina Greer** conspired with one or more other persons to willfully and maliciously injure GMS Industrial Supply, Inc. in its reputation, trade, business, or profession?

Yes _____          No ____✓____

Question No. 49

Did GMS Industrial Supply, Inc., prove by clear and convincing evidence that **Greer Group, LLC** conspired with one or more other persons to willfully and maliciously injure GMS Industrial Supply, Inc. in its reputation, trade, business, or profession?

Yes _____          No ____✓____

Question No. 50

Did GMS Industrial Supply, Inc., prove by clear and convincing evidence that **Greg Spires** conspired with one or more other persons to willfully and maliciously injure GMS Industrial Supply, Inc. in its reputation, trade, business, or profession?

Yes _____          No ____✓____

Question No. 51

Did GMS Industrial Supply, Inc., prove by clear and convincing evidence that **County Roads, LLC** conspired with one or more other persons to willfully and maliciously injure GMS Industrial Supply, Inc. in its reputation, trade, business, or profession?

Yes _____          No __✓____


Question No. 52

Did GMS Industrial Supply, Inc., prove by clear and convincing evidence that **Thomas Hayes** conspired with one or more other persons to willfully and maliciously injure GMS Industrial Supply, Inc. in its reputation, trade, business, or profession?

Yes _____          No __✓____


Question No. 53

Did GMS Industrial Supply, Inc., prove by clear and convincing evidence that **Mike Welton** conspired with one or more other persons to willfully and maliciously injure GMS Industrial Supply, Inc. in its reputation, trade, business, or profession?

Yes _____          No __✓____


If you answered "Yes" to any of Question Nos. 47 through 53, then please proceed to Question No. 54. If you answered "No" to all of Question Nos. 47 through 53, then please proceed to Question No. 55.

Question No. 54

What is the amount of GMS Industrial Supply, Inc.'s damages from the conspiracy?

$ 

Question No. 55

The amount of damages provided for in Question No. 54 should be multiplied by (select

one):

One ____ 

Two ____

Three ____

## VIRGINIA COMMON LAW BUSINESS CONSPIRACY CLAIMS

Question No. 56

Did GMS Industrial Supply, Inc., prove by a preponderance of the evidence that **Westly Greer** conspired with one or more other persons to intentionally, maliciously, and without lawful justification injure GMS Industrial Supply, Inc.'s business?

Yes _____          No ___✓___

Question No. 57

Did GMS Industrial Supply, Inc., prove by a preponderance of the evidence that **Sabrina Greer** conspired with one or more other persons to intentionally, maliciously, and without lawful justification injure GMS Industrial Supply, Inc.'s business?

Yes _____          No ___✓___

Question No. 58

Did GMS Industrial Supply, Inc., prove by a preponderance of the evidence that **Greer Group, LLC** conspired with one or more other persons to intentionally, maliciously, and without lawful justification injure GMS Industrial Supply, Inc.'s business?

Yes _____          No ___✓___

Question No. 59

Did GMS Industrial Supply, Inc., prove by a preponderance of the evidence that **Greg Spires** conspired with one or more other persons to intentionally, maliciously, and without lawful justification injure GMS Industrial Supply, Inc.'s business?

Yes _____          No ___✓___

Question No. 60

Did GMS Industrial Supply, Inc., prove by a preponderance of the evidence that **County Roads, LLC** conspired with one or more other persons to intentionally, maliciously, and without lawful justification injure GMS Industrial Supply, Inc.'s business?

Yes _____          No ___✓___

Question No. 61

Did GMS Industrial Supply, Inc., prove by a preponderance of the evidence that **Thomas Hayes** conspired with one or more other persons to intentionally, maliciously, and without lawful justification injure GMS Industrial Supply, Inc.'s business?

Yes _____          No ___✓___

Question No. 62

Did GMS Industrial Supply, Inc., prove by a preponderance of the evidence that **Mike Welton** conspired with one or more other persons to intentionally, maliciously, and without lawful justification injure GMS Industrial Supply, Inc.'s business?

Yes _____          No ___✓___


If you answered "Yes" to any of Question Nos. 56 through 62, then please proceed to Question No. 63. If you answered "No" to all of Question Nos. 56 through 62, then please proceed to Question No. 64.

<u>Question No. 63</u>

What is the amount of GMS Industrial Supply, Inc.'s damages resulting from the

business conspiracy?

$_____ N/A _____

## <u>BREACH OF CONTRACT COUNTERCLAIMS</u>

<u>Question No. 64</u>

Did **Westly Greer** prove by a preponderance of the evidence that GMS Industrial Supply, Inc. breached the 2019 Sales Agent Agreement with him?

Yes  ___✓___                    No  _____

If you answered "Yes" to Question No. 64, then please proceed to Question No. 65.  If you answered "No" to Question No. 64, then please proceed to Question No. 68.

<u>Question No. 65</u>

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that Westly Greer is barred from recovery under his contracts with GMS Industrial Supply, Inc. due to unclean hands?

Yes  _____                    No  ___✓___

<u>Question No. 66</u>

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that Westly Greer committed the first material breach of his contracts with GMS Industrial Supply, Inc.?

Yes  _____                    No  ___✓___

If you answered "Yes" to either Question Nos. 65 or 66, then please proceed to Question No. 68.  If you answered "No" to both Question Nos. 65 and 66, then please proceed to Question No. 67.

Question No. 67

What is the amount of **Westly Greer**'s damages?

$ ____ $13,087.99 ____

Question No. 68

Did **Sabrina Greer and Greer Group, LCC (collectively "Greer")** prove by a preponderance of the evidence that GMS Industrial Supply, Inc. breached its 2017 Sales Agent Agreement with her?

Yes ____✓____          No _____

If you answered "Yes" to Question No. 68, then please proceed to Question No. 69.  If you answered "No" to Question No. 68, then please proceed to Question No. 72.

Question No. 69

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that Greer is barred from recovery under her 2017 Sales Agent Agreement with GMS Industrial Supply, Inc. due to unclean hands?

Yes _____       No __✓____

Question No. 70

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that Greer committed the first material breach of her 2017 Sales Agent Agreement with GMS Industrial Supply, Inc.?

Yes _____       No __✓____

If you answered "Yes" to either Question Nos. 69 or 70, then please proceed to Question No. 72. If you answered "No" to both Question Nos. 69 and 70, then please proceed to Question No. 71.

Question No. 71

What is the amount of **Greer**'s damages?

$_____9760.50_____

Question No. 72

Did **Greg Spires and County Roads, LLC (collectively "Spires")** prove by a preponderance of the evidence that GMS Industrial Supply, Inc. breached its 2017 Sales Agent Agreement with him?

Yes __✓____       No _____

If you answered "Yes" to Question No. 72, then please proceed to Question No. 73.  If you answered "No" to Question No. 72, then please proceed to Question No. 76.

Question No. 73

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Spires** is barred from recovery under his 2017 Sales Agent Agreement with GMS Industrial Supply, Inc. due to unclean hands?

Yes _____          No ____✓____

Question No. 74

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Spires** committed the first material breach of his 2017 Sales Agent Agreement with GMS Industrial Supply, Inc.?

Yes _____          No ____✓____

If you answered "Yes" to either Question Nos. 73 or 74, then please proceed to Question No. 76.  If you answered "No" to both Question Nos. 73 through 74, then please proceed to Question No. 75.

Question No. 75

What is the amount of **Spires'** damages?

$  14,231.32

Question No. 76

Did **Thomas Hayes** prove by a preponderance of the evidence that GMS Industrial Supply, Inc. breached its 2016 Sales Agent Agreement with him?

Yes ___✓___          No _____

If you answered "Yes" to Question No. 76, then please proceed to Question No. 77. If you answered "No" to Question No. 76, then please proceed to Question No. 80.

Question No. 77

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Thomas Hayes** is barred from recovery under his 2016 Sales Agent Agreement with GMS Industrial Supply, Inc. due to unclean hands?

Yes _____          No ___✓___

Question No. 78

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Thomas Hayes** committed the first material breach of his 2016 Sales Agent Agreement with GMS Industrial Supply, Inc.?

Yes _____          No ___✓___

If you answered "Yes" to either Question Nos. 77 or 78, then please proceed to Question No. 80. If you answered "No" to both Question Nos. 77 and 78, then please proceed to Question No. 79.

Question No. 79

What is the amount of **Thomas Hayes**' damages?

$ _____5000.00_____

Question No. 80

Did **Mike Welton** prove by a preponderance of the evidence that GMS Industrial Supply, Inc. breached its 2016 Sales Agent Agreement with him?

Yes __✓__          No _____

If you answered "Yes" to Question No. 80, then please proceed to Question No. 81.  If you answered "No" to Question No. 80, then please proceed to the Closing Instruction on the last page.

Question No. 81

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Mike Welton** is barred from recovery under his 2016 Sales Agent Agreement with GMS Industrial Supply, Inc. due to unclean hands?

Yes _____          No __✓__

Question No. 82

Did GMS Industrial Supply, Inc. prove by a preponderance of the evidence that **Mike Welton** committed the first material breach of his 2017 Sales Agent Agreement with GMS Industrial Supply, Inc.?

Yes _____          No __✓__

If you answered "Yes" to either Question Nos. 81 or 82, then please proceed to the Closing Instruction on the following page.  If you answered "No" to both Question Nos. 81 through 82, then please proceed to Question No. 83.

Question No. 83

What is the amount of **Mike Welton**'s damages?

$_____7500.00_____

## CLOSING INSTRUCTION

After answering the questions above as instructed, the jury has completed this Special

Verdict Form.  The jury foreperson should sign and date the document for return to the Court.

REDACTED COPY

JURY FOREPERSON SIGNATURE

REDACTED COPY

JURY FOREPERSON PRINTED NAME

SO SAY WE ALL

Dated this  10  day of June, 2022.