# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

GMS INDUSTRIAL SUPPLY, INC.,

      Plaintiff,

v.                                       Civil Action No.: 2:19CV324-RCY-LRL

G&S SUPPLY, LLC, et al.,

      Defendants.

## JURY INSTRUCTIONS

JURY INSTRUCTION NO. 1

Members of the jury:

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.

It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers may refer to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

JURY INSTRUCTION NO. 2

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

JURY INSTRUCTION NO. 3

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation or other business entity is entitled to the same fair trial as a private individual. All persons, including corporations and other business entities, stand equal before the law, and are to be treated as equals.

JURY INSTRUCTION NO. 4

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.  However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

JURY INSTRUCTION NO. 5

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

JURY INSTRUCTION NO. 6

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.  You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.  Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.  After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

JURY INSTRUCTION NO. 7

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for expert witnesses.  An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert is outweighed by other evidence, you may disregard the opinion entirely.

JURY INSTRUCTION NO. 8

"Direct evidence" is a direct proof of a fact, such as testimony by a witness about what the witness said or heard or did.  "Circumstantial evidence" is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You are to decide how much weight to give any evidence.

JURY INSTRUCTION NO. 9

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

JURY INSTRUCTION NO. 10

The parties have stipulated that certain facts are true.  You must therefore treat these facts as having been proved for the purposes of this case.

JURY INSTRUCTION NO. 11

If any reference by the court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the court or of counsel.  You are the sole judges of the evidence received in this case.

JURY INSTRUCTION NO. 12

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and then obtain a ruling from the court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

JURY INSTRUCTION NO. 13

During the course of a trial, I may have asked questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may have related.  The court may ask a question simply to clarify a matter–not to help one side of the case or hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

JURY INSTRUCTION NO. 14

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely. You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

JURY INSTRUCTION NO. 15

Charts or summaries have been admitted into evidence, and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, and other documents or exhibits which are in evidence in this case.   You may consider the charts and summaries as you would any other evidence admitted during the trial and give it such weight or importance, if any, as you feel it deserves.

JURY INSTRUCTION NO. 16

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case.  The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

JURY INSTRUCTION NO. 17

Video recordings of deposition testimony have been received in evidence and have been played for you. Transcripts of some of these video recordings of deposition testimony were furnished to you.  These transcripts were given to you solely for your convenience to assist you in following the testimony or in identifying the speakers on the video recordings.

The video recording of deposition testimony itself is evidence in the case and the transcripts are not evidence.  What you saw and heard on the video recording of deposition testimony is evidence.  What you read on the transcript is not.  If you perceive any variation between the two, you will be guided solely by the video recordings of deposition testimony and not by the transcripts.

If you cannot, for example, determine from the video recordings of deposition testimony that particular words were spoken or if you cannot determine from the video recordings of deposition testimony who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

JURY INSTRUCTION NO. 18

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown to have knowingly testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

JURY INSTRUCTION NO. 19

Plaintiff GMS Industrial Supply, Inc., has the burden of proof in a civil action, such as this, to prove every essential element of plaintiff's claims by the applicable standard of proof as I will explain for each claim.  If plaintiff should fail to establish any essential element of any of its claims by the applicable standard of proof, you should find for defendants as to that claim.

As to the counterclaims, the defendants are in the position of a plaintiff, and the defendants have the burden of proving the essential elements of their counterclaims. If defendants should fail to establish any essential element of any of their counterclaims by the applicable standard of proof, you should find for plaintiff as to that counterclaim.

JURY INSTRUCTION NO. 20

To "establish by a preponderance of the evidence" means to show that the fact sought to be proved is more probable than not.  In other words, a preponderance of the evidence means such evidence, as when considered and compared with the evidence opposed to it, has more convincing force, and produced in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, including all deposition testimony, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

JURY INSTRUCTION NO. 21

One of the plaintiff's claims must be proved by "clear and convincing evidence."  "Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue.  Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

JURY INSTRUCTION NO. 22

I have two preliminary instructions regarding damages, if you find that the plaintiff prevails on any of its claims.

First, you should not award compensatory damages more than once for the same injury or loss. For example, if a plaintiff were to prevail on two claims and establish a one-dollar injury or loss, you could not award it one dollar compensatory damages on each claim—it is only entitled to be made whole again, not to recover more than it lost. Of course, if different injuries or losses are attributed to the separate claims, then you must compensate it fully for all of the injuries or losses.

With respect to punitive damages, you may make separate awards on each claim that is established.

Second, you must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim. Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable.  Each defendant is entitled to fair consideration of the evidence.  No defendant is to be prejudiced should you find against another. Unless otherwise stated, all instructions I give you govern the case as to each defendant.

JURY INSTRUCTION NO. 23

The purpose of the law of damages is to award just and fair monetary compensation for the loss, if any, that resulted from a defendant's violation of plaintiff's rights.  Compensatory damages are meant to compensate a party for the actual injury or loss caused.  These damages are called "compensatory damages" and are meant to make a party whole – that is, to compensate the plaintiff for the damage suffered through the payment of money.

An award of compensatory damages must be fair and reasonable and be neither inadequate nor excessive.  You should not award compensatory damages for speculative injuries and should only award damages for those injuries plaintiff has actually suffered.

In awarding compensatory damages, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  Plaintiff GMS Industrial Supply, Inc., is not required to prove the exact amount of damages, but must show sufficient facts to permit you to make an accurate estimate of them.

You should not interpret the fact that I am giving instructions about damages as an indication in any way that I believe a party seeking damages in this case – Plaintiff on its claims and Defendants on their counterclaims – should prevail.  I am instructing you on damages only so that you will have guidance in the event you decide they should be awarded.

JURY INSTRUCTION NO. 24


As a general rule, the knowledge of an agent is imputed to his principal.

JURY INSTRUCTION NO. 25


A principal is bound by the acts of his agent within the scope of the agent's ostensible or apparent authority.

JURY INSTRUCTION NO. 26

You are permitted, but not required, to infer that information existed on Westly Greer's laptop and desktop computers that would have been unfavorable to Westly Greer's theory of the case, and favorable to GMS's theory of the case. You may conclude this based on Westly Greer's use of FILESHREDDER on those computers after he had received evidence preservation letters from GMS Industrial Supply's attorneys. If you draw an adverse inference against Westly Greer from his conduct, then you may consider that inference with the other evidence to decide the questions in this case.

JURY INSTRUCTION NO. 27

In this case, the plaintiff, GMS Industrial Supply, Inc. alleges that the defendant, Westly Greer, violated his fiduciary duty of loyalty as an employee of the company.  Westly Greer denies violating his fiduciary duty of loyalty to GMS.

For GMS to recover from Westly Greer on its claim of breach of fiduciary duty, you must find that all the following have been proved by a preponderance of the evidence:

1.  Defendant Westly Greer, breached his fiduciary duty to the plaintiff, GMS;

2.  The plaintiff had damages; and

3.  Westly Greer's breach of fiduciary duty was a cause of the plaintiff's damages.

If you find that any one or more of these three statements has not been proved, then your verdict must be for the defendant.

On the other hand, if you find that all these three statements have been proved, then your verdict must be for the plaintiff.

JURY INSTRUCTION NO. 28


As an employee, Westly Greer owed GMS a fiduciary duty of loyalty to his employer during his employment.

JURY INSTRUCTION NO. 29

The fiduciary duty of loyalty dictates that, during his employment with GMS, Westly Greer not exploit GMS's trust so as to obtain an unfair advantage in competing with GMS in a matter concerning GMS's business.

JURY INSTRUCTION NO. 30

The termination of Westly Greer's employment with GMS did not automatically free him from his fiduciary obligations to the company.  If you find that Westly Greer engaged in transactions that had their inception before his termination from GMS or that were based on information obtained during his employment with GMS, then you must find that Westly Greer breached his fiduciary duty of loyalty to GMS.

JURY INSTRUCTION NO. 31

GMS has the burden of proving, by a preponderance of the evidence, the nature and extent of its damages. If you find in favor of GMS, you must determine the total dollar amount of GMS's damages, if any, that were caused by the breach of fiduciary duty by the defendant, Westly Greer.

In determining such damages, you shall consider any economic losses which plaintiff has had or will probably have in the future, including:

A. Anything of value or any profit the defendant, Westly Greer, received as a result of the breach of fiduciary duty;

B. Any loss of profits which GMS could reasonably have expected to earn had the fiduciary duty not been breached; and

C. Any compensation defendant Westly Greer received from GMS for services performed during the period in which he engaged in activities constituting a breach of his duty of loyalty, even if part of those services may have been properly performed.

JURY INSTRUCTION NO. 32

Plaintiff GMS Industrial Supply, Inc., alleges claims for breach of contract.  To prevail, plaintiff GMS Industrial Supply, Inc., must prove its breach of contract claims by a preponderance of the evidence.  Specifically, GMS Industrial Supply, Inc., alleges: Defendants Westly Greer, Gregory K. Spires, County Roads LLC, Thomas Hayes, Sabrina Greer, Greer Group LLC, and Mike Welton each breached their independent sales agent agreements with plaintiff GMS Industrial Supply, Inc.  On these claims, plaintiff bears the burden of proof.

In their counterclaims, defendants Westly Greer, Gregory K. Spires, County Roads LLC, Thomas Hayes, Sabrina Greer, Greer Group LLC, and Mike Welton allege plaintiff GMS Industrial Supply, Inc. breached its independent sales agreements with defendants Westly Greer, Gregory K. Spires, County Roads LLC, Thomas Hayes, Sabrina Greer, Greer Group LLC, and Mike Welton by failing to pay them commission and bonuses earned for sales each of them made for plaintiff.

On this issue, defendants Westly Greer, Gregory K. Spires, County Roads LLC, Thomas Hayes, Sabrina Greer, Greer Group LLC, and Mike Welton bear the burden of proof.

The sales agent agreements are contracts.   A contract is an agreement, for consideration, between two or more parties.  To breach a contract:

1.    There must be a legally enforceable obligation of one party to the other party;

2.    The party must have violated or breached that obligation; and

3.    Injury or damage to the other party was caused by the breach of the obligation.

I will give you further instructions on the counterclaims later on.

JURY INSTRUCTION NO. 33

As to each of the defendants listed here, you shall find your verdict for plaintiff GMS Industrial Supply, Inc., on its breach of contract claim against defendants Westly Greer, Gregory K. Spires, County Roads LLC, Thomas Hayes, Sabrina Greer, Greer Group LLC, or Mike Welton for their alleged violation of their sales agent agreements if plaintiff GMS Industrial Supply, Inc., has proven by a preponderance of the evidence that each of the aforementioned defendants:

1.          Had a legally enforceable obligation to the plaintiff under their sales agent agreement; and

2.           Violated or breached their obligation under their sales agent agreement; and

3.          There was injury or damage to plaintiff GMS Industrial Supply, Inc., caused by the breach of the obligation.

You shall find your verdict for any one or all of the aforementioned defendants if plaintiff failed to prove any one or more of the elements above as to that particular defendant.

JURY INSTRUCTION NO. 34

A contract must be both complete and reasonably certain.  It is complete if it incudes all the essential terms.  It is reasonably certain if all the essential terms are expressed in a clear and definite way.

JURY INSTRUCTION NO. 35

Interpretation of a contract is primarily a determination of what the parties intended.  In determining their intent, you should first consider the words they used.  The words should be given their plain and ordinary meaning unless an obvious different meaning is apparent.  You may also consider the subject matter of the contract, the situation of the parties, the purpose of the parties in making the contract, and the surrounding circumstances.

JURY INSTRUCTION NO. 36

In interpreting a contract, you should resolve any doubts about the meaning of a word or phrase against the party who prepared the contract.

JURY INSTRUCTION NO. 37

When interpreting contracts, words used by the parties should be given their ordinary, usual, and popular meaning, unless you find that the parties clearly intended such words to have another meaning.

JURY INSTRUCTION NO. 38

If you decide in favor of plaintiff GMS Industrial Supply, Inc., on its breach of contract claims, you should then decide how much the defendant or defendants who you believe breached the contract should pay in compensatory damages.

JURY INSTRUCTION NO. 39

The term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if

(a) the owner thereof has taken reasonable measures to keep such information secret; and

(b) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

JURY INSTRUCTION NO. 40

In order for GMS to prevail on its claim for misappropriation of a trade secret under the

Defend Trade Secrets Act, GMS must establish each element of the offense by a preponderance

of the evidence.

JURY INSTRUCTION NO. 41

In this case, GMS alleges that each of the defendants misappropriated trade secrets under the Defend Trade Secrets Act.  Each of the defendants denies misappropriating any trade secrets from GMS.

With respect to each defendant, you shall find your verdict for GMS if it has proved that

1. The defendant acted with intent to convert GMS 's trade secret (or trade secrets) that is/are related to a product or service used in or intended for use in interstate or foreign commerce, to the economic benefit of anyone other than GMS; and

2. The defendant did so intending or knowing that the offense would injure GMS; and

3. The defendant knowingly did any **one or more** of the following:

    A.  Steal, or without authorization appropriate, take, carry away, or conceal, or by fraud, artifice, or deception obtain such information;

    B.  Without authorization copy, duplicate, sketch, draw, photograph, download, upload, alter, destroy, photocopy, replicate, transmit, deliver, send, mail, communicate, or convey such information;

    C.  Receive, buy, or possess such information, knowing the same to have been stolen or appropriated, obtained, or converted without authorization;

    D.  Attempt to commit any offense described in (A) through (C); or

    E.  Conspire with one or more other persons to commit any offense described in (A) through (C), and one or more of such persons do any act to effect the object of the conspiracy.

You shall find your verdict for the defendant if the plaintiff failed to prove any of the elements above.

Although this instruction is applicable to claims by GMS against all of the defendants, you must consider for each defendant whether they misappropriated a trade secret under the Defend Trade Secrets Act.

JURY INSTRUCTION NO. 42

To satisfy the reasonable efforts requirement, GMS is not required to show that it utilized the full range of potentially protective measures that might have been available.  GMS only has to show that the efforts it took were reasonable under the circumstances to maintain its secrecy. Extreme and unduly expensive procedures need not be taken.

JURY INSTRUCTION NO. 43

A trade secret can exist in the unique combination of otherwise known components; although each of its parts, by itself, may be in the public domain, the unified process, design and operation of the combination may be the essence of the secret.

A unique combination of generally known elements or steps can qualify as a trade secret if it represents a valuable contribution attributable to the independent efforts of the one claiming to have conceived it. The combination must differ materially from other methods revealed by the prior art.

JURY INSTRUCTION NO. 44

While it's true that an item can be a trade secret even if it's publicly available — for instance, if it appears in an unsealed court filing — it still must be relatively secret.  A trade secret must not be of public knowledge or of a general knowledge in the trade or business.

However, information may lose its trade secret status by disclosure of the trade secret, including to a third party without requiring that party's confidentiality, through advertising, trade circulars, or in an analogous manner.

JURY INSTRUCTION NO. 45

Misappropriation under the Defend Trade Secrets Act occurs when a person either (1) acquires a trade secret while knowing, or having reason to know, that the trade secret was acquired by improper means, or (2) uses or discloses the trade secret after acquiring it through improper means.  The phrase "improper means," when used in the context of acquiring a trade secret includes . . . a breach of a duty to maintain secrecy, . . . or other means.

JURY INSTRUCTION NO.  46

If you find your verdict for plaintiff, GMS, then it is entitled to recover damages for actual loss caused by the misappropriation of the trade secret, and damages for any unjust enrichment caused by the misappropriation of the trade secret that is not addressed in computing damages for actual loss.

JURY INSTRUCTION NO. 47

If you find that the defendants willfully and maliciously misappropriated plaintiff's trade secret, you may award GMS exemplary damages in an amount not more than two times the amount of the actual loss and unjust enrichment damages.

JURY INSTRUCTION NO. 48


For the purpose of the Defend Trade Secrets Act, willfully and maliciously means acting with an intent to cause injury or harm.

JURY INSTRUCTION NO. 49

In this case, GMS alleges that each of the defendants misappropriated trade secrets under the Virginia Uniform Trade Secrets Act.  Each of the defendants denies misappropriating any trade secrets from GMS.

With respect to each defendant, you shall find your verdict for GMS if it has proved two elements: (1) the existence of a "trade secret"; and (2) the "misappropriation" of that trade secret by the defendant.

You shall find your verdict for the defendant if the plaintiff failed to prove any of the elements above.

Although this instruction is applicable to claims by GMS against all of the defendants, you must consider for each defendant whether they misappropriated a trade secret under the Virginia Uniform Trade Secrets Act.

JURY INSTRUCTION NO. 50

The Virginia Uniform Trade Secrets Act defines a "trade secret" as information that:

> (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and,

> (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Nearly any type of information can be subject to trade secret protections under the Virginia Uniform Trade Secrets Act, and it can include, but is not limited to, formulas, patterns, compilations, programs, devices, methods, techniques, or processes.

JURY INSTRUCTION NO. 51

To establish "misappropriation," GMS must establish two elements:

(1) that the defendant acquired, disclosed, or used a trade secret developed by GMS through improper means (namely, without express or implied consent); and

(2) that the defendant knew or had reason to know that its knowledge of the trade secret was either acquired under circumstances giving rise to a duty to maintain its secrecy or derived through a person owing such a duty to GMS.

Where the defendant did not utilize "improper means" to acquire a trade secret, misappropriation can still exist if the defendant disclosed or used that secret.  Misappropriation does not require outright theft; it can occur when an employee formerly entrusted with trade secret information uses or discloses that information after the agency or fiduciary relationship between him or her and the employer has ended.

JURY INSTRUCTION NO. 52

Under the Virginia Uniform Trade Secrets Act, GMS bears the burden of proving by a preponderance of the evidence that the defendants misappropriated GMS's trade secrets.

JURY INSTRUCTION NO. 53

If you find that any or all of the defendants misappropriated GMS's trade secrets, GMS is entitled to damages that can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss.

JURY INSTRUCTION NO. 54

If you find that the defendants misappropriated GMS's trade secrets and that, in doing so, they acted willfully and maliciously, you may award GMS punitive damages in an amount not exceeding twice GMS's damages or $350,000, whichever amount is less.

JURY INSTRUCTION NO. 55

In this case, GMS claims that defendant Westly Greer violated the Virginia Computer Crimes Act.

With respect to Westly Greer, you shall find your verdict for GMS if it has proved Westly Greer with a malicious intent, or through intentionally deceptive means and without authority, did one or more of the following:

1. Temporarily or permanently removed, halted, or otherwise disabled any computer data, computer programs, or computer software from a computer or computer network;

2. Altered, disabled, or erased any computer data, computer programs, or computer software, or

3. Used a computer or computer network to cause physical injury to the property of another, or

4. Used a computer or computer network to make or cause to be made an unauthorized copy, in any form, including, but not limited to, any printed or electronic form of computer data, computer programs, or computer software residing in, communicated by, or produced by a computer or computer network.

You shall find your verdict for defendant Westly Greer if the plaintiff failed to prove any of the above violations.

JURY INSTRUCTION NO. 56

If you find that defendant Westly Greer violated the Virginia Computer Crimes Act, then you may award GMS all of its damages, including lost profits.

JURY INSTRUCTION NO. 57


In this case, GMS claims that Westly Greer, Sabrina Greer, Greer Group, LLC, County Roads, LLC, Thomas Hayes, Gregory K. Spires, and Mike Welton conspired with each other to injure GMS in its reputation, trade, business, or profession in violation of Virginia's Business Conspiracy statute.

You shall find your verdict for GMS if it has proven by clear and convincing evidence:

(1) that at least two of the following:  Westly Greer, Sabrina Greer, Greer Group, LLC, County Roads, LLC, Thomas Hayes, Gregory K. Spires, and Mike Welton acted in concert, agreed, associated, mutually undertook or combined together;

(2) that they intentionally, purposefully, and without lawful justification injured GMS's reputation, trade, business, and/or profession; and

(3) GMS suffered damages as a result of these acts.

You shall find your verdict for the defendants if the plaintiff failed to prove any one or more of these elements.

If you find in favor of GMS, your verdict should be limited to only those defendants that you find to have participated in the conspiracy.

JURY INSTRUCTION NO. 58

In order to establish a business conspiracy, GMS does not need to prove that the conspirators' primary and overriding purpose is to injure another in his trade or business.

JURY INSTRUCTION NO. 59

GMS has the burden of proving its business conspiracy claim by clear and convincing evidence.  This means that GMS must produce evidence that creates in your minds a firm belief or conviction that it has proved elements of the claim.

JURY INSTRUCTION NO. 60

If you find that any of the defendants conspired to injure GMS in its reputation, trade, business, or profession in violation of Virginia's business conspiracy statute, then you may award GMS three times its damages, including lost profits.

JURY INSTRUCTION NO. 61

"Willfully and maliciously" means that the conspirators acted intentionally, purposefully, without lawful justification, and for the purpose of harming plaintiff GMS Industrial Supply, Inc.

JURY INSTRUCTION NO. 62

Without lawful justification means the defendants intended to accomplish some criminal

or unlawful purpose or to accomplish some lawful purpose through criminal or unlawful means.

JURY INSTRUCTION NO. 63

In this case, GMS claims that Westly Greer, Sabrina Greer, Greer Group, LLC, County Roads, LLC, Thomas Hayes, Gregory K. Spires, and Mike Welton engaged in a conspiracy. These defendants deny they engaged in a conspiracy.

You shall find your verdict for GMS if it has proven by a preponderance of the evidence that

(1) Two or more of Westly Greer, Sabrina Greer, Greer Group, LLC, County Roads, LLC, Thomas Hayes, Mike Welton, and Gregory K. Spires combined to accomplish, by some concerted action, some criminal or unlawful purpose or some lawful purpose by a criminal or unlawful means; and

(2) Damage caused by the acts committed in furtherance of the conspiracy.

You shall find your verdict for the defendants if the plaintiff failed to prove either of these elements.

If you find in favor of GMS, your verdict should be limited to only those defendants that you find to have participated in the conspiracy.

JURY INSTRUCTION NO. 64

If you find that some or all of the defendants engaged in a conspiracy, then you shall award GMS all damages caused by the criminal or unlawful acts taken in furtherance of the conspiracy, regardless of which of the conspirators performed the criminal or unlawful acts.

JURY INSTRUCTION NO. 65

You shall find your verdict for defendants Westly Greer, Gregory K. Spires, County Roads LLC, Thomas Hayes, Sabrina Greer, Greer Group LLC, and Mike Welton on their breach of contract claims against plaintiff GMS Industrial Supply, Inc., for its alleged violation of each of their sales agent agreements if defendants have proven by a preponderance of the evidence that:

1.       Plaintiff GMS Industrial Supply, Inc., had a legally enforceable obligation to the defendant under the sales agent agreement; and

2.       Plaintiff GMS Industrial Supply, Inc., violated or breached its obligation under the sales agent agreement to pay commissions and/or bonuses earned by defendant; and

3.       There was injury or damage to defendant caused by the breach of the obligation.

You shall find your verdict for Plaintiff GMS Industrial Supply, Inc., on any one or all of the aforementioned defendants' claims if they failed to prove any one or more of the elements above.

JURY INSTRUCTION NO. 66

Generally speaking, an affirmative defense is a defense to a claim that, if proven, constitutes an absolute bar to recovery on the claim.  GMS Industrial Supply has asserted several affirmative defenses to the counterclaims filed by Westly Greer, Gregory K. Spires, County Roads, LLC, Thomas Hayes, Sabrina Greer, Greer Group, LLC, and Mike Welton.

JURY INSTRUCTION NO. 69

GMS Industrial Supply, Inc. has asserted the doctrine of unclean hands as an affirmative defense to the counterclaims filed by Westly Greer, Gregory K. Spires, County Roads, LLC, Thomas Hayes, Sabrina Greer, Greer Group, LLC, and Mike Welton.  Under the doctrine of unclean hands, a party is denied relief because of his own inequitable conduct. However, the purpose of the unclean hands doctrine is to secure justice and equity, not to aid one in acquiring property to which he has no right.

If you find that any of these individuals has met his, her, or its burden of establishing his, her, or its counterclaim against GMS, you shall nevertheless find your verdict for GMS if you find that GMS has proven by a preponderance of the evidence that, for each defendant, the defendant, through his, her or its own inequitable conduct, has unclean hands in asserting that GMS breached its contract with the defendant.

If you find in favor of GMS, your verdict should be limited to only those defendants with counterclaims for which GMS has proven its affirmative defense by a preponderance of the evidence.

JURY INSTRUCTION NO. 70

GMS Industrial Supply, Inc. has asserted the doctrine of first material breach as an affirmative defense to the counterclaims filed by Westly Greer, Gregory K. Spires, County Roads, LLC, Thomas Hayes, Sabrina Greer, Greer Group, LLC, and Mike Welton.  Under the first material breach doctrine, a party who commits the first breach of a contract is not entitled to enforce the contract.

If you find that any of these individuals has met his, her, or its burden of establishing his, her, or its counterclaim against GMS for breach of contract, you shall nevertheless find your verdict for GMS if you find that GMS has proven by a preponderance of the evidence that, for each defendant, the defendant committed the first material breach of his, her, or its respective contract with GMS.  A material breach is a failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract.

If you find in favor of GMS, your verdict should be limited to only those defendants with counterclaims for which GMS has proven its affirmative defense by a preponderance of the evidence.

JURY INSTRUCTION NO. 71

If you decide in favor of any (or all) of the defendants, Westly Greer, Gregory K. Spires, County Roads LLC, Thomas Hayes, Sabrina Greer, Greer Group LLC, and Mike Welton, on any or all of their counterclaims against plaintiff GMS Industrial Supply, Inc., you should then decide how much plaintiff should pay each of these defendants in compensatory damages.

JURY INSTRUCTION NO. 72

Upon retiring to the jury room to begin your deliberations, you will elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

You will have a copy of these instructions.  You are not to concern yourself with the fact that some of the numbers are not sequential.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges--judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.  You must not base your verdict in any way upon sympathy, bias, guesswork, or speculation.

Your verdict must be based solely upon the evidence received in the case and these instructions.  Nothing you have seen or read outside of court may be considered.  Nothing that I have said or done during the course of this trial is intended, in any way, to somehow suggest to you what I think your verdict should be.  Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is to suggest or convey to you in any way or manner

any intimation as to what verdict I think you should return.  What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

A verdict form has been prepared for your convenience.

You will take this verdict form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open court.

Bear in mind also that you are never to reveal to any person--not even to the court--how the jury stands, numerically or otherwise, on the issues in this case until after you have reached a unanimous verdict.